No. 01-251

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 236N

WILLIAM D. BURTON and
DEBRA A. BURTON, Husband and Wife,
     Plaintiffs and Respondents,

v.

LINDA DIANE ADAMS,
a/k/a LINDA D. ADAMS,
     Defendant, **Third Party Plaintiff,**
     **and** Appellant.
**v.**

**BURTON'S SATELLITE, INC.**
**and JOHN DOES I and II,**
     **Third Party Defendants and Respondents.**

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

         Linda D. Adams, Bigfork, Montana (pro se)

     For Respondents:

         William Burton, Bigfork, Montana (pro se); Judah M. Gersh, Viscomi,
      Baraban & Gersh, Whitefish, Montana (Burton's Satellite, Inc.); Shelly F.
   Brander, Kaufman, Vidal & Hileman, Kalispell, Montana (Debra A. Burton)

Submitted on Briefs: March 7, 2002

Decided: October 22, 2002

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Linda Adams (Adams) appeals an order of the Eleventh Judicial District Court, Flathead County. We affirm and remand to the District Court for proceedings consistent with this Opinion.

¶3 We address the following issue on appeal: Were the District Court's findings of fact supported by substantial evidence? We do not address the remaining issues presented by Adams because these issues were not preserved for appeal as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶4 The instant action involves family relations who entered into a buy-sell land transaction, an employer/employee arrangement, a business venture, and made personal loans to each other, all of which resulted in controversies presented to the District Court. William Burton (William) and Debra Burton (Debra) entered into a buy-sell agreement to purchase property located immediately adjacent to the Pine Cone Kitchen in Bigfork from their cousin Adams in 1993. In addition, Adams, Debra and Caren Kastner, Adams' sister, entered into a business venture in which the three people ran a gift shop known as Mallard Bay, Ltd. Co. According to the buy-sell, part of the purchase price of the land was to be paid in the form of rent credit towards space rental for Mallard Bay, as the store was located in Bigfork Plaza, a shopping mall owned by William and Debra. Bigfork Plaza is

2

located south of the property William and Debra agreed to purchase from Adams. During roughly the same time period, Adams worked for Burton's Satellite, Inc. (Burton's Satellite) a business owned and run by William.

¶5     In 1996, William and Debra instituted this action to specifically enforce the buy-sell agreement, contending that Adams was obligated to convey the deed to them because they had conveyed the purchase price and credited the rent for Mallard Bay thereby fulfilling their requirements under the buy-sell. Adams answered William's and Debra's complaint and also instituted a third party complaint for wrongful discharge against Burton's Satellite. During the pendency of the action, William and Debra separated. William proceeded *pro se* and Debra retained counsel.

¶6     The District Court held a bench trial, heard testimony, and received evidence on the above controversies. The Court then issued its Findings of Fact, Conclusions of Law and Order which required Adams to specifically perform the buy-sell agreement and awarded damages and attorney fees and costs to William and Debra pursuant to the buy-sell. The District Court also found that Adams was not wrongfully discharged but rather was discharged due to an overall reduction in labor when the business performance of Burton's Satellite declined. To the extent the rent credit for Mallard Bay was involved in the buy-sell, the District Court found in favor of William and Debra. Further, to the extent Adams alleged that payments from William and Debra on the buy-sell were instead repayments of personal loans from Adams to William or were salary payments from Burton's Satellite, the Court also found in favor of William, Debra and Burton's Satellite. Adams then filed this appeal. Debra and Burton's Satellite responded with briefs but William did not. Further facts and procedure are discussed below.

3

## II. STANDARD OF REVIEW

¶7 The standard of review of a district court's finding of fact is whether the finding is clearly erroneous. *Espy v. Quinlan*, 2000 MT 193, ¶ 14, 300 Mont. 441, ¶ 14, 4 P.3d 1212, ¶ 14. A finding is clearly erroneous if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if this Court is left with a definite and firm conviction that the district court made a mistake. *Espy*, ¶ 14. Determinations of credibility are best conducted by the trial court and must be granted great weight on appeal. *Swain v. Battershell*, 1999 MT 101, ¶ 39, 294 Mont. 282, ¶ 39, 983 P.2d 873, ¶ 39. Finally, it is the duty of the trial court, not this Court, to resolve conflicts in the evidence. *Tonack v. Montana Bank* (1993), 258 Mont. 247, 251-52, 854 P.2d 326, 329. We review a district court's findings to determine whether substantial evidence supports those findings, not contrary findings. *Renner v. Nemitz*, 2001 MT 202, ¶ 12, 306 Mont. 292, ¶ 12, 33 P.3d 255, ¶ 12.

## III. DISCUSSION

**A. Issues Not Preserved for Appeal**

¶8 In this case, Adams was represented by counsel at the trial court but proceeds *pro se* on the appeal. She frames and presents the following issues on appeal:

> 1. Did the District Court err in allowing Respondents [William and Debra] to continue with proceedings when their first attorney resigned because he was unable to get them to cooperate with him?
> 2. Did the District Court err in allowing Plaintiffs [William and Debra] to represent their corporation and themselves individually?
> 3. Did the District Court err by not requiring Respondents [William, Debra, and Burton's Satellite] to provide more definitive evidence in regard to their claim?
> 4. Did the District Court err in not allowing deposition testimony entered in the record?
> 5. Did the District Court err in granting Respondents [Debra] [partial] Summary

4

Judgment based on 1999 rules when contractual obligations were transacted in 1993 and the suit was first filed in 1996?

In addition, Adams posits numerous opened-ended questions in her brief, attempting to call into question both issues of fact and law that to her are apparently unresolved and that to her indicate an issue the trial court did not properly address.

¶9      Debra asserts that Adams failed to preserve issues 1, 2, 4, and 5 for appeal. Debra also asserts that issue 3 does not require reversal because the District Court's findings regarding Debra's and William's fulfillment of the buy-sell agreement are based on substantial evidence. Burton's Satellite agrees that Adams did not properly preserve issues 1, 2, 4, and 5 for appeal. Further, Burton's Satellite also asserts that the District Court's findings regarding Adams' wrongful discharge claim are also based on substantial evidence.

¶10      We agree with Debra and with Burton's Satellite that Adams failed to preserve four of her arguments for appeal. The general rule is that issues not raised before the trial court and new legal theories are not considered by this Court on appeal because it is unfair to fault the trial court on an issue it was never given an opportunity to consider. *Renner*, ¶ 15. Underlying this rule is the requirement that the issue be presented to the trial court in the first place in the form of an objection, motion or some other means of properly presenting the issue to the trial court for decision. When reviewing a case on appeal, this Court simply does not conduct a word for word analysis of every possible document in the record to determine if any errors or discrepancies exist. Rather, this Court only reviews the propriety of decisions presented to and made by the district courts.

¶11      In making her arguments on appeal, Adams does not relate specific cites in the record to specific arguments, so it is impossible to discern if Adams even argues that she did preserve her claims. Adams also fails to fulfill the requirements of Rule 23(a)(4), M.R.App.P., in that none of her

5

arguments are supported by any legal authority. In any event, our review of the record indicates that Adams failed to preserve issues 1, 2, 4, and 5 for appeal.

¶12 Regarding the first issue, our review of the record indicates that Adams stipulated to the withdrawal of counsel of William and Debra and made no motion to dismiss related to this withdrawal. Further, a party may represent themselves *pro se*. Section 37-61-416, MCA. Therefore, Adams failed to preserve this issue for appeal because she agreed to the withdrawal, made no motion to dismiss, and she cites no case law that indicates the procedure followed by the District Court was error.

¶13 Regarding Adams' second argument, Adams moved the court to require Burton's Satellite to obtain proper corporate counsel as corporate legal action must be taken through an attorney. *Weaver v. Graybill, Ostrem, Warner & Crotty* (1990), 246 Mont. 175, 178, 803 P.2d 1089, 1091. Burton's Satellite promptly obtained counsel. Because Adams prevailed, there is no issue to preserve for appeal. Adams' brief indicates she might actually be asserting that the District Court was in error because Burton's Satellite proceeded without counsel *before* her motion. Adams points out that Burton's Satellite was proceeding with William improperly representing the business *pro se* until she moved the court to require proper corporate counsel and that while without counsel, Burton's Satellite failed to respond to her requests for discovery. Consequently, Adams might be arguing that the District Court erred in failing to grant the motion for default judgment against Burton's Satellite she submitted at the same time as the motion to require corporate counsel. Again, Adams fails to cite authority for this position.

¶14 When considering default judgment, our policy favors a resolution on the merits. *In re Marriage of Winckler*, 2000 MT 116, ¶ 10, 299 Mont. 428, ¶ 10, 2 P.3d 229, ¶ 10. In this case,

6

Burton's Satellite retained counsel and the District Court ultimately heard Adams' wrongful discharge claim on its merits. Further, the court found that she failed to meet her burden in presenting her claim. Therefore, because Adams failed to preserve her argument for appeal, failed to cite authority and failed to demonstrate that the District Court erred by considering her case on its merits, we do not address this issue.

¶15 Regarding the fourth issue, Adams asserts that the court erred by not admitting deposition testimony. However, she fails to indicate what deposition testimony was not admitted. At one point, she mentions an affidavit of Thomas Wynne, an accountant, regarding her damages from the alleged wrongful discharge. However, even if this should have been admitted, Adams failed to prove she was wrongfully discharged. Therefore, any error regarding evidence on damages would be harmless.

¶16 Finally, Adams' fifth issue fails because she does not meet her Rule 23(a)(4), M.R.App.P., burden to show if or what "1999 rules" would have required the District Court to apply any law differently to the facts of her case than the "1993 rules." Further, she did not preserve this issue for appeal because she did not raise it below in response to Debra's motion for summary judgment.

¶17 Because Adams' failed to demonstrate that she preserved these issues for appeal, failed to meet her Rule 23(a)(4) burden to cite authority and failed to show any prejudice from the District Court's decisions regarding these issues, we affirm the District Court.

**B. Sufficiency of the Evidence**

¶18 The many opened-ended questions throughout Adams' brief concern alleged discrepancies in the evidence regarding whether checks from William or Debra were not payments on the buy-sell, but were instead intended to pay back personal loans, were intended as salary payments for her work

7

at Burton's Satellite, or were intended as payment for care of a mutual elderly relative. Debra and Burton's Satellite interpreted Adams' third issue to refer to these discrepancies and to present to this Court the issue of whether the District Court's findings of fact were clearly erroneous. Further, Debra asserts that the court's findings that she and William performed all their obligations under the buy-sell and fully paid the purchase price of the land were supported by substantial evidence. Burton's Satellite asserts that the court's finding that Adams was discharged from Burton's Satellite because of a legitimate, overall reduction in force is supported by substantial evidence.

¶19 Again, we agree that Adams' third issue presents the question of whether the District Court's findings are supported by substantial evidence and we agree that the District Court's findings were properly supported. First, the order by the District Court addresses many of Adams' contentions regarding discrepancies in the evidence so it is clear that the court was presented with conflicts in the evidence. It is the court's role to address these conflicts. *Swain*, ¶ 39.

¶20 Regarding the buy-sell agreement, the court based its findings that Adams was paid in full for the land on canceled checks, accounting records, and other documentation properly entered into evidence by Debra and William. Because Adams did not introduce separate records, this is the main information proving payments and properly serves as substantial evidence. Further, while Adams might disagree with the ultimate purpose of those payments, the court states that it did not find Adams credible. As mentioned, it is the province of the trial court to weigh a person's credibility. *Swain*, ¶ 39. Based on expert testimony interpreting these records, the court also found that Adams was repaid the personal loans in addition to the contract payments. Due to a concession by William and Debra, the court also credited Mallard Bay with fifteen months rent rather than ten in order to account for the fact that Adams, her sister, and Debra were jointly responsible for the rent. Our

8

exhaustive and careful review of the record shows no substantial discrepancies with the Court's findings. Therefore, the findings that Adams was paid in full for the buy-sell are supported by substantial evidence.

¶21  Regarding the wrongful discharge claim, the court based its legitimate reduction in force finding on the fact that Burton's Satellite went from 20 employees to 5 employees in 2 years, on the fact that the business tax returns for those two years showed corresponding decreases in income, and on the fact that William took over Adams' job duties himself and did not replace Adams. Again, this undisputed evidence demonstrates that the court's decision is based on substantial evidence.

**C. Costs and Attorney Fees**

¶22  Finally, Debra requests that this Court award her the attorney fees and costs she incurred in responding to this appeal based on the provision in the buy-sell agreement allowing attorney fees to the prevailing party. We have previously held that an award of attorney fees based on contract applies to the appeal as well as the trial court proceedings. *Eschenbacher v. Anderson*, 2001 MT 206, ¶ 51, 306 Mont. 321, ¶ 51, 34 P.3d 87, ¶ 51. Therefore, because Debra prevailed on appeal, she is entitled to fees on appeal.

## IV. CONCLUSION

¶23  Because the District Court's decision is supported by substantial evidence and Adams failed to preserve her remaining issues for appeal, we affirm and we also remand to the District Court for further proceedings consistent with this Opinion to determine Debra's attorney fees and costs on appeal.

/S/ JAMES C. NELSON

9

We Concur:


/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE